UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04688-JWH-JC | Date | March 30, 2022 |
|---|---|---|---|
| Title | Ignacio Franco Palomar, III v. U.S. District Court Central District of California | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| none | none |

**Proceedings:**        (IN CHAMBERS)

**ORDER TO SHOW CAUSE WHY THE PETITION FOR WRIT OF HABEAS CORPUS AND THIS ACTION SHOULD NOT BE DISMISSED**

On June 3, 2021, petitioner, a state prisoner who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") challenging his 2018 second degree murder conviction in San Luis Obispo County Superior Court Case No. 14C-38830 on multiple grounds. (Docket No. 1). On July 2, 2021, petitioner filed a "Motion for Stay and Abeyance (Rhines), with Application for Leave to Amend (Federal Rules of Civil Procedure, Rule 15)" ("Petitioner's July Motion"). (Docket No. 8). Petitioner's July Motion reflected that certain of petitioner's claims in the Petition were not exhausted and essentially requested that (1) this action be stayed pursuant to Rhines v. Weber, 544 U.S. 269, 276 (2005) while he exhausted his unexhausted claims in state court; and (2) petitioner be granted leave to amend the Petition after his unexhausted claims were exhausted to "correct deficiencies" in the Petition and to use the proper form." (Petitioner's July Motion at 1-2).

On July 19, 2021, petitioner filed a habeas petition in California Supreme Court Case No. S269940 ("State Habeas Petition") which included claims corresponding to the then unexhausted claims in the Petition. (Docket No. 14).[1] On October 20, 2021, the California Supreme Court denied the State Habeas Petition.[2]

On November 9, 2021, this Court issued an Order (1) Denying Motion to Stay as Moot; (2) Denying Motion to Amend without Prejudice and Directing Petitioner to Make Further Submission

---

[1] Respondent lodged the State Habeas Petition in this action on August 23, 2021, at the Court's direction. (Docket Nos. 13, 14).

[2] The Court takes judicial notice of the docket in California Supreme Court Case No. S269940 which is available via https://appellatecases.courtinfo.ca.gov. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04688-JWH-JC | Date | March 30, 2022 |
|---|---|---|---|
| Title | Ignacio Franco Palomar, III v. U.S. District Court Central District of California | | |

("November Order"). In light of the California Supreme Court's recent denial of the State Habeas Petition which included claims corresponding to previously unexhausted claims in the Petition, the November Order denied Petitioner's July Motion as moot to the extent it sought a stay of this action pending the California Supreme Court's resolution of the unexhausted claims in the Petition. The November Order also denied without prejudice Petitioner's July Motion to the extent it sought leave to amend the Petition because Petitioner's July Motion did not comport with Local Rule 15-1, which requires that a proposed amended pleading be filed as an attachment to a motion to amend and no proposed first amended petition for writ of habeas corpus was attached to or accompanied Petitioner's July Motion. Finally, the November Order directed petitioner, within thirty (30) days (*i.e.*, by December 9, 2021) to file either (1) a new Motion to Amend which comported with Local Rule 15-1 and was accompanied by a proposed first amended petition for writ of habeas corpus; or (2) a Notice of Intent to Proceed on Current Petition, essentially notifying the Court that he no longer intended to seek leave to file an amended petition. The November Order expressly cautioned petitioner in bold-face print that the failure timely to comply with the November Order and to file either a new Motion to Amend or a Notice of Intent to Proceed on Current Petition would subject the Petition and this action to dismissal with or without prejudice based on petitioner's failure to prosecute and/or petitioner's failure to comply with the Court's Order.

   The deadline to comply with the November Order expired more than three months ago. To date, petitioner has failed to file a new Motion to Amend or a Notice of Intent to Proceed on Current Petition and has not otherwise communicated with the Court since the issuance of the November Order.

   In light of the foregoing, petitioner is ordered by not later than **April 19, 2022** to show cause why the Petition and this action should not be dismissed based on petitioner's failure to comply with the November Order and/or petitioner's failure to prosecute. Petitioner's response to this Order to Show Cause must be accompanied by either (1) a new Motion to Amend which comports with Local Rule 15-1 and is accompanied by a proposed first amended petition for writ of habeas corpus; or (2) a Notice of Intent to Proceed on Current Petition, essentially notifying the Court that he no longer intends to seek leave to file an amended petition and wishes to proceed with the previously filed Petition.

   **Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of the Petition and this action based upon petitioner's failure to prosecute and petitioner's failure to comply with the November Order and this Order to Show Cause.**

   IT IS SO ORDERED.